IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL TROY OLSON,

    Petitioner,

v.                                                        CASE NO. 5:13-cv-195-RS-GRJ

NC ENGLISH, WARDEN, FCI MARIANNA,

    Respondent.

_____/

## **AMENDED REPORT AND RECOMMENDATION AND ORDER**

Petitioner Michael Troy Olson, BOP inmate number 11926-041, initiated this case by filing Doc. 1, a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and Doc. 2, a motion to seal proceedings. There is no basis or compelling reason offered for sealing this proceeding pursuant to Fed. R. Civ. P. 5.2.[1] Further, because it is clear that Petitioner is not entitled to habeas relief based on the allegations in the Petition, the undersigned recommends that this case be dismissed.[2] After the original Report and Recommendation, Doc. 6, was entered, Petitioner filed a First Amended Petition. (Doc. 7.) The First Amended Petition is identical in every respect to the original petition, save for the inclusion of a memorandum in support.

---

[1] Petitioner contends that the case should be sealed to "prevent an adverse effect on the judicial economy," "to preserve public confidence and integrity in the judicial process," "to prevent any further embarrassment to Petitioner's family, children, and social reputation," and to prevent plagiarism of his arguments. Doc. 1.

[2] Pursuant to Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent.

Because the claims asserted in the amended petition are identical to those in the original petition, the remainder of the Report and Recommendation remains unchanged.

## Background

In 2005, Petitioner was convicted after a jury trial in the United States District Court for the District of Minnesota of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *See United States v. Olson*, Case No. 0:47-cr-398-ADM-FLN-1, Doc. 51 (06/08/06) (Eighth Circuit order affirming conviction and sentence). Defendant received a sentence of 272 months imprisonment, and his conviction and sentence were affirmed on appeal. Defendant filed a "First Amendment Petition" on June 26, 2008, which the district court construed as a motion under 28 U.S.C. § 2255 and denied as untimely. *Id.*, Docs. 54, 57. Defendant then filed two additional "First Amendment Petitions," in which he argued that the district court lacked subject matter and legislative jurisdiction over him. *Id.*, Docs. 64, 67. The district court construed these petitions as motions under 28 U.S.C. § 2255 and denied them as successive § 2255 petitions filed without leave of the Court of Appeals, and also denied them as without merit. *Id.*, Doc. 77. Defendant continued undeterred, filing at least three additional motions in which he purported to assert rights based on the First Amendment. *Id.*, Doc. 85, 86, 89. These motions were construed as filed under § 2255 and denied as untimely, as successive, and as procedurally defaulted. *Id.*, Doc. 91. Defendant filed an additional three *pro se* motions attacking his convictions and sentence in various ways. *Id.*, Docs. 93, 96, 98. All of these motions were construed as filed under § 2255 and were denied. *Id.*, Docs. 94, 97, 101.

The instant habeas corpus petition asserts that Petitioner's remedy under section 2255 is inadequate or ineffective because Petitioner is making a "plea of bar coram non judice" challenging the authority of the trial court. Petitioner contends that the trial court lacked territorial jurisdiction over his offense and that the claimed jurisdictional statute does not satisfy the Enactment and Presentment Clauses of Article I of the Constitution. (Doc. 1.) The Court provided Petitioner an opportunity to amend his Petition. (Doc. 3.) Petitioner responded to that Order by repeating the assertions in his original Petition. (Doc. 5.)

## Savings Clause

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the existence of a limitations or other statutory bar cannot mean that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention within the meaning of the savings clause. *Hardy v. United States*, 443 F. App'x 489, 492 (11th Cir. 2011) (quoting *Gilbert v. United States,* 640 F.3d 1293, 1308 (11th Cir. 2011)). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely

on the petitioner." *Turner v. Warden Coleman CI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

While the Eleventh Circuit "has [] shown a willingness to allow a prisoner to bring a § 2241 motion pursuant to the § 2255(e) savings clause if the Supreme Court decided a 'retroactively applicable, circuit law-busting decision' that 'established that he had been convicted of a 'non-existent crime,'" Petitioner has pointed to no such decision in this case. *Hardy*, 443 F. App'x at 493 (quoting *Wofford v. Scott,* 177 F.3d 1236, 1242–45 (11th Cir.1999)). Petitioner's conclusional argument that the trial court lacked territorial jurisdiction over his offense is wholly insufficient to show that he is entitled to bring this petition pursuant to the savings clause.

In light of the fact that Petitioner has not met his burden of demonstrating that the § 2255 remedy was inadequate or ineffective, and has not shown that he is entitled to invoke the savings clause of § 2255(e), the undersigned concludes that the instant petition is barred.

For the foregoing reasons, it is **ORDERED** that the motion to seal, Doc. 2, is **DENIED.**

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, should be **DISMISSED**.

**IN CHAMBERS** this 24th day of July 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**